**ORIGINAL**

**9**

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

Ellen E. Christensen
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226-3211
313-226-9100
Email: ellen.christensen@usdoj.gov

Arlene M. Embrey
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
202-205-6976
Email: arlene.embrey@sba.gov

**2:06MC 3290 - F**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| WHITE PINES LIMITED PARTNERSHIP I | ) |
| | ) |
| Defendant | ) |
| | ) |

Case: 2:06-cv-10857
Assigned To : Friedman, Bernard A
Referral Judge: Morgan, Virginia M
Assign. Date : 2/27/2006 @ 12:59 p.m.
Description: cmp usa v. white pines
(tam)

## COMPLAINT

COMES NOW Plaintiff, the United States of America on behalf of its agency, the

United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.     This is a civil action brought by the United States of America on behalf of

its agency, the United States Small Business Administration (hereinafter, "SBA,"

\\\DC - 21955/0001 - 2262708 v2

"Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2.      Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3.      Defendant, White Pines Limited Partnership 1 (hereinafter, "White Pines" or "Defendant"), is a Michigan limited partnership currently maintaining its principal place of business at 3840 Packard Road, Suite 110, Ann Arbor, Michigan, 48108. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS AND APPLICABLE LAW

4.      Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5.      Defendant was licensed by SBA as a small business investment company ("SBIC") on or about February 25, 1992, SBA License No. 05/05-0217, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6.      Defendant's General Partner is Woodlot I GP, LLC, which maintains its principal place of business at 3840 Packard Road, Suite 110, Ann Arbor, Michigan, 48108. Defendant's management company is Woodlot Management, LLC, which also maintains its principal place of business at 3840 Packard Road, Suite 110, Ann Arbor, Michigan, 48108.

7.      Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs.

2

SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8.      Defendant's Agreement of Limited Partnership expressly incorporates the Act and Regulations.

9.      Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10.      Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Defendant through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $9,400,000, as follows:

a.    No. 04652451-02 in the amount of $   750,000.00 disbursed on 09/01/01;
b.    No. 04652452-00 in the amount of $   650,000.00 disbursed on 09/01/01;
c.    No. 04672951-10 in the amount of $2,000,000.00 disbursed on 03/01/03;
d.    No. 04672952-08 in the amount of $1,500,000.00 disbursed on 03/01/03;
e.    No. 04672953-06 in the amount of $1,500,000.00 disbursed on 03/01/03;
f.    No. 04672954-04 in the amount of $1,500,000.00 disbursed on 03/01/03;
g.    No. 04672955-02 in the amount of $1,500,000.00 disbursed on 03/07/03.

As of January 20, 2006, there was $8,058,603.32 in Debenture Leverage outstanding, including principal in the amount of $8,048,859.45 and accrued interest in the amount of $9,743.87 with a per diem rate of $1,217.97.

11.      The Debentures described in paragraph 10, above, are subject to, and incorporate by reference, the Regulations, including but not limited to the provisions of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R §107.507.

12.      Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the

Regulations, all of the rights, privileges and franchises of a Licensee such as Defendant may be forfeited and the company may be declared dissolved.

13.    Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination by SBA that a Licensee such as Defendant, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as Receiver for such Licensee.

## COUNT ONE
## CAPITAL IMPAIRMENT

14.    Paragraphs 1 through 13 are incorporated by reference as though fully set forth herein.

15.    Based on the SBA Form 468 submitted by Defendant for the period ending March 31, 2004, SBA determined that Defendant had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of 100%. The maximum allowed capital impairment percentage for SBICs such as Defendant under the Regulations is 55%.

16.    By letter dated May 21, 2004 SBA notified Defendant that it was in violation of Section §107.1830(c) due to its excessive capital impairment ratio.

17.     Pursuant to Sections 107.1820(f) and 108.1810(f)(5),(g) of the Regulations, the May 21, 2004 letter gave Defendant fifteen (15) days to cure its condition of capital impairment.

18.     Defendant has failed to cure its condition of capital impairment.

19.     Based on a financial statement submitted by Defendant for the period ending September 30, 2005, SBA determined that Defendant's capital impairment ratio had risen to 137%.

20.     Defendant's failure to cure its condition of capital impairment is a violation of §107.1830(b) of the Regulations, as well as the terms of the Debenture Leverage.

21.     As a consequence of Defendant's violation of 13 C.F.R. §§107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of White Pines Limited Partnership I, and is also entitled to judgment in the amount of $8,058,603.32 including principal in the amount of $8,048,859.45 and accrued interest in the amount of $9,743.87 as of January 20, 2006 with a per diem rate of $1,217.97 for each day thereafter until the date judgment is entered and post judgment interest thereon.

## CONCLUSION

**WHEREFORE**, Plaintiff prays as follows:

A.     That permanent injunctive relief be granted restraining Defendant, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Defendant's behalf, or in concert or participation therewith, from: (1) making any disbursements of Defendant's funds; (2) using,

investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of White Pines, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B.    That this Court determine and adjudicate White Pines's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C.    That this Court take exclusive jurisdiction of White Pines and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of White Pines for the purpose of liquidating all of White Pines's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to White Pines against third parties, as appropriate;

D.    That this Court render Judgment in favor of SBA and against White Pines Limited Partnership I in the amount of $8,058,603.32, including principal in the amount of $8,048,859.45 and accrued interest in the amount of $9,743.87 as of January 20, 2006 with a per diem rate of $1,217.97 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered; and

E.    That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

Date:  2-21-06            By:    _Ellen Christensen_

                                 Ellen E. Christensen
                                 United States Attorney's Office
                                 211 W. Fort Street
                                 Suite 2001
                                 Detroit, MI 48226-3211
                                 313-226-9100
                                 Email: ellen.christensen@usdoj.gov


Date:  2/21/06

                                 Arlene M. Embrey
                                 U.S. Small Business Administration
                                 409 Third Street, S.W., Seventh Floor
                                 Washington, D.C. 20416
                                 (202) 205-6976
                                 Email: arlene.embrey@sba.gov

JS 44 (Rev. 11/04)

**CIVIL COVER SHEET**  County in which this action arose ___Washtenaw___

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
White Pines Limited Partnership I

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ___Washtenaw___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Arlene M. Embrey, U.S. Small Business Administration, 409 3rd St., S.W., 7th Fl. Washington DC 20416  (202) 205-6976

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Select One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III**
Case: 2:06-cv-10857
Assigned To : Friedman, Bernard A
Referral Judge: Morgan, Virginia M
Assign. Date : 2/27/2006 @ 12:59 p.m.
Description: cmp usa v. white pines
(tam)

Citizen or Subject of a Foreign Country  ☐ 3  ☐ 3  Foreign Nation  ☐ 6  ☐ 6

**IV. NATURE OF SUIT** (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Select One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 687(c) and (d)
Brief description of cause:
SBA receivership

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  2/23/06
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?      ☐ Yes

If yes, give the following information:      ☒ No

Court: _____

Case No.: _____

Judge: _____


2.      Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes

     ☒ No ?

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :    \*Two SBA receivership actions are being filed on the same date. The other matter is USA vs. Pacific Capital, LP. The principals in USA v. White Pines are the same as those in USA v. Pacific Capital.